IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW CLINTON CRUSE**     **PLAINTIFF**

**v.**     **No. 4:21CV150-NBB-DAS**

**MS DEPT. OF CORRECTIONS, ET AL.**     **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [11] TO RECONSIDER
THE COURT'S ORDER [7] DENYING *IN FORMA PAUPERIS* STATUS;
*DENYING* PLAINTIFF'S MOTION [12] FOR PROTECTIVE ORDER**

This matter comes before the court on the motion [11] by the plaintiff for the court to reconsider its order [7] denying the plaintiff's motion [2] to proceed *in forma pauperis*. In addition, the plaintiff has filed a motion [12] for a "protective order," seeking various forms of relief to protect him from perceived danger. The court denied *in forma pauperis* motion because the plaintiff is barred under the "three strikes" rule of the Prison Litigation Reform Act from proceeding as a pauper unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The plaintiff argues that he faces such danger because several members of prison staff in Unit 720[1] of the Central Mississippi Correctional Facility have threatened him and other prisoners and treated them harshly during shakedowns of their cells. Doc. 11. He also alleges that he and others receive delayed or improper medical treatment, that the guards and doctors are corrupt, and that prison gang activity makes Unit 720 unsafe. As discussed below, these facts do not meet the threshold of showing imminent danger sufficient to overcome the three strikes provision of § 1915(g).

**No Imminent Danger of Serious Physical Injury**

To meet the "imminent danger" exception to the prepayment requirement of 28 U.S.C. §

---

[1] The Mississippi Department of Corrections uses Unit 720 to house inmates with medium- to long-term medical problems.

1915, a prisoner who has accrued three "strikes" must make specific, credible allegations of imminent danger. *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172 (10th Cir. 2011). If a defendant contests a plaintiff's claims of imminent danger, the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing. *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). A nexus must exist between the imminent danger a three-strikes prisoner alleges to obtain pauper status and the legal claims asserted in the complaint. *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009). The statute requires that the inmate's complaint seeks to redress an imminent danger of serious physical injury – and that this danger must be fairly traceable to a constitutional violation alleged in the complaint. *Id.* At the present stage, the court must evaluate whether Mr. Cruse may proceed based on his allegations. The court concludes that he may not. No prison staff have attacked him, and he has not been injured. The plaintiff has not articulated a specific threat against him. As such, he has not shown that he is under imminent threat of serious physical injury, and his motion [11] to reconsider the court's order [7] denying his request [2] for pauper status is **DENIED**.

## "Protective Order" Not Warranted

As discussed above, the plaintiff has not shown that he is under imminent danger of serious physical injury. As such, his motion [12] for a "protective order" (requiring proper medical treatment, an investigation leading to criminal charges against prison staff at the Central Mississippi Correctional Facility, and relief from overcrowding in his unit) is **DENIED**.

**SO ORDERED**, this, the 15th day of August, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE